JESSE A. ANSLEY & COMPANY, plaintiffs in error, vs. WILLIAM GLENDENNING, administrator, defendant in error.

1. When the only occasion for going into equity is, that the judgment sought to be enjoined is conclusive at law in another suit against the complainant, an amendment to the bill which alleges that the judgment is void for want of jurisdiction in the court that rendered it, is demurrable. Such an amendment is not in aid of the original bill, but inconsistent with, and destructive of it. A judgment void for want of jurisdiction need not be enjoined: *46 Georgia Reports, 396.*

2. When the object of a bill is to attack a judgment for something that transpired at the term when it was rendered, evidence of what took place at a subsequent term on the trial of an affidavit of illegality, is irrelevant.

3. A judgment against an administrator reviving a dormant judgment rendered against the intestate, is evidence of assets.

Equity. Judgments. Evidence. Administrators and executors. Before Judge BARTLETT. Richmond Superior Court. October Term, 1875.

Reported in the opinion.

FRANK H. MILLER, for plaintiffs in error.

H. CLAY FOSTER, for defendant.

Ansley & Company *vs.* Glendenning.

BLECKLEY, Judge.

The main facts of this case are reported in 52 *Georgia Reports*, 347. There was a judgment at law against an administrator reviving a previous judgment against the intestate, which had become dormant. Subsequently, when the administrator was sued on his bond, he filed a bill to prevent the use of the judgment of revival as evidence of assets. The equity of that bill rested upon the fact that he had no assets, and was prevented from pleading *plene administravit* at the term when the judgment was rendered, by the ruling of the court that the judgment would not charge him with assets.

1. At the trial of the bill the complainant amended by adding an allegation to the effect that the judgment of revival was void, because rendered when the original judgment was not dormant, the court, therefore, having no jurisdiction to revive it. The amendment was demurred to, and the court sustained the demurrer. When it is remembered that the only occasion for the bill was to resist the judgment of revival because conclusive of assets, it is plain that an amendment attacking it as void was suicidal. It cut the throat of the complainant's case. The defendants' counsel performed a friendly office when he demurred it out of court separately, instead of demurring to the whole bill, as he might have done: 28 *Georgia Reports*, 339. An amendment, notwithstanding the right to present distructive matter, (28 *Georgia Reports*, *supra*,) *ought* to be in aid of the real equity of the original case and not contradictory of it: 14 *Georgia Reports*, 320; 17 *Ibid.*, 129; 16 *Ibid.*, 527. If the judgment was in fact void, there would be no need to enjoin it as evidence: 46 *Georgia Reports*, 396. And if it was not void, the new facts set up as the basis of that attack upon it were immaterial, and for that reason the amendment was useless: 17 *Georgia Reports*, 420.

2. Evidence was admitted in behalf of the complainant, as to what transpired on the trial of an issue of illegality. The object of that evidence seems to have been to show that the

presiding judge was of the same opinion when the illegality was tried, as he had been when the judgment of revival was rendered. But that was quite immaterial. The illegality did not go behind the judgment, and the court, on that trial, could rule nothing that would affect the judgment. The equity of the bill relates to what transpired at the term at which the judgment was rendered. Nothing that the judge said or did afterwards, can vary the rights of either party on the question of whether there is reason to modify the judgment or restrain its use as evidence of assets.

3. The charge of the judge, to the effect that the judgment of revival would not prove assets in the hands of the administrator, is contrary to the view which this court entertained when the case was here before: See 52 *Georgia Reports*, 347. It is that attribute of the judgment, and that alone, which lends significance to this proceeding in equity. What would be the sense or use of the complainant's bill if the judgment against him at law had no force as evidence of assets? We think the sole question for trial, (besides whether the administrator had assets,) is whether his counsel was prevented from pleading in due time by the ruling of the judge averred in the bill as taking place at the term at which the judgment was rendered.

Judgment reversed.